JUDGE CROTTY     **IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

Lori Silverman and Lsil, Co.,

                Plaintiffs,

v.

Attilio Giusti Leombruni S.P.A.; and
John and Jane Does A-Z
(Unidentified); and XYZ; and
XYZ Companies 1-10 (Unidentified)

                Defendants.

------------------------------------------------------x

15 CV 02260

___ Civ. _____ (___)(___)

**COMPLAINT AND**
**JURY DEMANDED**

RECEIVED
MAR 25 2015
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff's Lori Silverman and Lsil, Co. (hereinafter "Plaintiffs"), by and through her

undersigned counsel, attorneys, Eaton & Van Winkle LLP, brings suit against Attilio Giusti

Leombruni et al. (hereinafter "Defendants") and alleges as follows:

### PARTIES

1.     Plaintiff Lori Silverman is an individual who on her own for nearly the last four years has

been designing shoes for the fashion industry. Her company Lsil, Co. of which she is the only

employee/executive is incorporated under the laws of New York with its mailing address of 2

Greene Lane, White Plains, NY 10605. The purpose of Plaintiffs is to design, promote, and sell

1

newly created, original and novel shoe designs, their only products. Plaintiffs presently have over 40 different design marks.

2.      Upon information and belief, Plaintiffs believe Defendant and various John Does and Jane Does are various individuals conducting business throughout the United States including those individuals who purchased Defendants' illegal goods showing Plaintiffs' marks for further distribution and sale through this District and throughout the United States. The identities of the various John Does and Jane Does Defendants are not presently known and the Complaint herein will be amended to include the name or names of these individuals when such information becomes available (each "Doe" and "Does").

3.      Upon information and belief Defendants the XYZ Companies, through their agents, servants and employees are conducting business at various locations in the state of New York and elsewhere including those entities that purchased Defendant's illegal goods bearing Plaintiffs' marks for further distribution and sale through the District and throughout the United States and are subject to the jurisdiction of this Court. The identities of such Defendants are not presently known and the Complaint herein will be amended, to include the names of actual XYZ Company Defendants once that information becomes available (each a "Defendant Company" and collectively "Defendant Companies"). The parties identified in paragraphs 2-3 are hereinafter collectively referred to as Defendants.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331 and under the Federal Law of trademark infringement (§ 43(a) of the "Lanham Act" 15 U.S.C. § 1125(a)).

5.      This Court also has the jurisdiction pursuant to the principles of pendant jurisdiction over Plaintiffs' claim for trademark infringement and unfair competition under the laws of the state of New York.

6.      This Court has jurisdiction over Defendant AGL in that it transacts business in the state of New York and Defendant's tortious conduct outside the state of New York has caused injury to Plaintiffs and Plaintiffs' property in the state of New York where Plaintiff has its principal place of business in the United States.

7.      Venue is proper in this district under 28 U.S.C. §1391(c) because this Court has jurisdiction over Defendant AGL in this judicial district.

8.      Attilio Giusti Leombruni (AGL) is a corporation with its headquarters incorporated in Italy, at Viale Bettino Craxi, Montegranaro, Italy, 63014 and with New York City headquarters at 768 5th Avenue, Terrace Suite, Floor 1, New York, NY 10019.

9.      Plaintiff Lori Silverman is an individual living in 2 Greene Lane, White Plains, NY 10605. Plaintiff's corporation Lsil, Co. is incorporated in the state of New York and has its principal place of business at 2 Greene Lane, White Plains, NY 10605. The amount in controversy exceeds $75, 000.00, exclusive interest and costs. As to AGL, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.


## FACTUAL BACKGROUND

10.     Plaintiffs have been designing high-end, unique high-quality women shoes since 2011. Plaintiff has over 40 designs of unique patterns (see **Exhibit 1** for CAMO), has multiple design

patent applications, design patents, registered trademarks, and trademark applications for its shoe designs, in the USA, Europe and Asia.

11.      On January 9, 2012, Ms. Silverman formed Lsil, Co. and continued creating multiple designs for high end women's shoes. These shoes were and are unique in that they all include a sole on the bottom of the shoe which has particularized and multiple designs all of which are subject to trademark and design patent protection. Multiple design patent applications in the United States are pending and may have issued (see **Exhibit 2**). Trademarks for these unique soled designs are also registered on the Supplemental Register in the United States Trademark Office (see **Exhibit 3**) and are subject to design patents in Europe and pending in China. Plaintiffs have continuously used and promoted these specialized sole designs in connection with Plaintiffs' shoes since 2011. The sole designs include an actual artistic layout on the sole covered by a polymer or other transparent substance to protect the art work. One of these designs is a camouflage design protected by polymer coating known as the CAMO (see **Exhibit 4**), protected by a trademark registration in the Supplemental Register (**Exhibit 5**), and a design patent application, and pending and believed to be subject to issue soon. Plaintiffs' shoes with the unique sole designs have been promoted extensively in many parts of the United States, including shows in Las Vegas and significant activity in and around New York City.

12.      As a one person company with this as her only set of products, Plaintiffs have spent significant time throughout the United States both with retailers, brand managers, Italian sales agents and other agents, and many of the famous fashion design sales agents in Italy and Italian manufacturers for inclusion in U.S. selling market. For an individual with limited means, this promotion and work has been extensive, and recognized by many as a very significant

achievement in the art and design of women's shoes. Plaintiffs' investment of time and money and the promotion of Plaintiffs' shoe designs have been substantial and have created a distinctive source in Plaintiffs for these goods, recognized by those who are responsible for successfully selling high end women shoe designs in the United States markets. Plaintiffs' shoe design marks and design patents are being accorded significant international distinction under the United States law and abroad.

<strong><u>DEFENDANTS' CONDUCT</u></strong>

13.    Defendant AGL is a very wealthy Italian shoe designer, highly prestigious but has found it necessary to copy Plaintiffs' protected design in order to enter the United States market with her CAMO shoe design (**<u>Exhibit 6</u>**) in two well-known retailing outlets with significant presence in New York and throughout the United States but also online. Plaintiffs first became aware of this design within the past three weeks, have notified the retailers and AGL. At present both retailers have taken the product off the shelf and out of their SKU categories in the United States. AGL has refused to do anything except to assert that Plaintiffs have no rights and that camouflage is a design that everybody has used for years and even decades, a vacant argument that belies the truth.

14.    As can be seen in **<u>Exhibit 6</u>**, the CAMO sole with a polymer or transparent coating on Defendants' shoe design is identical to the CAMO sole designed and promoted by Plaintiffs. Upon information and belief, it appears that Defendants are pirates who have come with knowledge of and without regard to Plaintiffs' rights, and have willfully copied the CAMO design well-known to be owned by Plaintiffs.

15.     Defendants' agent for the United States for selling shoes, Gabriele Lepri, visited with

Plaintiff in Florence, Italy in 2014, said he was the agent exclusive to at least one famous United

States retailer. Lepri is known as the selling agent for AGL. Lepri reviewed many of Plaintiffs'

shoe designs with Plaintiffs, and Plaintiffs left three samples with him. The CAMO sample

which was shown to him at that meeting is the same CAMO sample which is presently used by

the company he represents, AGL. After that meeting, Mr. Lepri promised to provide but

followed up with any names of factories or firms who could manufacture Plaintiffs' shoes. Upon

information and belief he simply sent the designs to Defendants and Defendants started to copy

the CAMO design, and possibly many more, not known yet to Plaintiffs. While Plaintiff

Silverman was in Florence, she also exhibited her shoes in public at the time of a fashion

exhibition at that time, while meeting the director of the Vintage Academy Institute. This and

many more contacts in Italy and elsewhere show significant progress in the development and

promotion of Plaintiffs' goods.

16.     Upon information and belief, Defendants are a major seller of high end women shoes in

the United States and has the unquestionable ability to destroy Plaintiffs' business in Defendants'

continued attempt to sell these pirated goods to famous retailers in the United States. Defendants

have at least 40 separate shoe designs being shown in the United States that do infringe

Plaintiffs' rights. Upon information and belief, this appears to be just the beginning of a pattern

of misappropriation of Plaintiffs' designs.  Upon information and belief, Defendants have

intentionally and knowingly infringed the special design and CAMO mark of Plaintiffs in

advertising, promoting and selling their pirated CAMO-like shoe, certainly in an effort to trade

upon the uniqueness of Plaintiffs' product, and on Plaintiffs' good will generated over the past nearly four years and the cachet associated with Plaintiffs' designs.

17.     Upon information and belief, Defendants are not authorized to manufacture, distribute, offer for sale or sell products bearing the designs and trademarks of Plaintiffs', in particular the CAMO mark and design, Defendant AGL has used such mark in connection with its advertisement, offer for sale, and sale of these pirated designs.

18.     Upon information and belief, at all times relevant, Defendant AGL was and is aware that its design is pirated from Plaintiffs and that it is not a genuine product of Plaintiffs. Defendants' use of Plaintiffs' marks are in connection with the advertising, marketing, distribution, offering for sale, and sale of the pirated CAMO design is likely to cause confusion and mistake among the consuming public, and to deceive others into believing that there is a relationship between the parties, in view of the significant promotion having been done and being done by Plaintiffs. Defendants' use of the CAMO sole shoe design are in connection with the advertising, marketing, distribution, offering for sale and sell of the pirated CAMO design is causing irreparable harm to Plaintiffs'.

## COUNT I

### Federal Trademark Infringement 15 U.S.C. § 1114

19.     Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

20.     Plaintiffs CAMO sole mark and the good will of the business associated with it and all the designs of Plaintiffs in the United States and elsewhere in the world are of significant and incalculable value, highly distinctive of Plaintiffs as a source and arbitrary and, because of the

extra efforts and promotions of Plaintiffs have become associated in the industry as originating from Plaintiffs.

21.     Upon information and belief, without Plaintiffs' authorization or consent and having knowledge of Plaintiffs' specific prior rights in the CAMO sole mark and shoe, Defendants' have launched a pirated product that bears a mark confusingly similar to Plaintiffs' CAMO sole mark. Defendants have manufactured, distributed, offered for sale, and/or sold such pirated products to the consuming public in an effort to destroy Plaintiffs' rights and to create a market for themselves for the sale of the CAMO sole mark in or affecting interstate commerce.

22.     Defendants' use of copies of simulations of the CAMO sole mark are likely to cause and are causing confusion, mistake, and deception among and in the industry as to the origin of the pirated products and are likely to deceive the public into believing such pirated products being sold by Defendants originated from and/or associated with/or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiff's reputation, good will, and significant promotional efforts and activity.

23.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their good will and reputation.

## COUNT II

### False Designation of Origin and Unfair Competition

24.     Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

25.     Defendants' CAMO sole women shoe is of the same general nature and type of the designs promoted and offered by Plaintiffs and, as such are likely to cause confusion in the industry and ultimately to the general purchasing public.

26.     By misappropriating and using their pirated CAMO design, Defendants misrepresent and falsely describe to the industry, and ultimately, to the general public, the origin and source of the pirated products and create a likelihood of confusion among ultimate purchasers as to both the source and sponsorship of such merchandise.

27.     Defendants' unlawful and unauthorized and unlicensed manufacture distribution, offer for sale and/or sale of such pirated CAMO product creates express and implied misrepresentations that the pirated products were created, authorized or approved by Plaintiffs, all to Defendants' profit and to Plaintiffs' damage and injury.

28.     Defendants acts are a violation of Section 43 (a) of Lanham Act, 15 U.S.C. § 1125(a), that Defendants' use of the CAMO soled mark in connection with their goods and services in interstates commerce constitutes a false designation origin and unfair competition.

29.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined Plaintiffs will continue to suffer irreparable harm and injury to their good will and reputation.

## COUNT III

### Trademark Infringement Under New York Common Law

30.     Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     Defendants have without authorization from Plaintiffs, used the CAMO sole mark to advertise, distribute, sell and offer to sell the pirated products.

32.     Defendants' acts as alleged herein are likely to cause confusion, mistake and deception to the industry and to consumers as to the affiliation, connection or association of Defendants to Plaintiffs and as to the origin, sponsorship, or approval of Defendants' goods as those of Plaintiffs.

33.     Defendants' unauthorized acts constitute direct infringement of Plaintiff's Federal Trademark Registration for its CAMO soled mark and violation of New York common law.

34.     Upon information and belief, Defendants' conduct is intentional, malicious, and wanton, and Defendants infringe and continue to infringe Plaintiff's Federal Trademark Registration for its CAMO soled mark: a) with full knowledge that Plaintiffs own and have the exclusive rights to use their Federal Trademark for the CAMO sole; b) with the intention of causing a likelihood confusion and mistake and to deceive; and c) with the intention of eliminating the competition from Plaintiffs and the destruction of Plaintiffs' business which is in its initial stages or achieving significant sales, after years of promotion.

35.     Plaintiffs have suffered and will continue to suffer irreparable injury for which Plaintiffs have no adequate remedy at law. Plaintiffs therefore are entitled to a preliminary and permanent injunction against Defendants further infringing conduct.

## COUNT IV

### Unfair Competition Under New York Law

36.     Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

37.     The actions of Defendants as alleged above constitutes common law unfair competition and false advertising under New York law, and have caused and will cause impairment of the recognition of the CAMO sole mark, as originally designed and promoted by Plaintiffs and the significant diminution of the value thereof.

38.     As a result of the actions of Defendants, Plaintiffs have been and will continue to be seriously and irreparably damaged unless Defendants are enjoined from the use of false designations or representations which result in common law unfair competition with Plaintiffs.


## COUNT V

### Interference With Prospective Business Advantage and Business Relations

39.     Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this Complaint as if fully set forth herein.

40.     Defendants' malicious activities have interfered with, have prevented and will prevent Plaintiffs from conducting their business, to significant disadvantage to Plaintiff. As Defendants are aware, upon information and belief, Plaintiffs are at a critical stage in their business, of having their designs accepted for trade shows in the immediate future and sales to some of the same stores as Defendant AGL. This activity by Defendants serves as an attempt to destroy Plaintiffs' business and render Plaintiffs irrelevant just as Plaintiffs' business is about to succeed. Plaintiffs' diligent ground-breaking efforts have been directly interfered with by Defendants for its own purposes, illegal in nature.

### COUNT VI

### Unjust Enrichment

11

41.     Plaintiffs repeat and reallege the allegations of each of the foregoing paragraphs of this
Complaint as if fully set forth herein.

42.     Defendants have unjustly enriched themselves by taking the valuable design and
trademark rights of Plaintiffs for this CAMO sole mark. All of the groundbreaking work done by
Plaintiffs has been pirated for substantial legal financial advantage by this very large shoe
manufacturer and distributor. Defendants have been and will be unjustly enriched by these illegal
activities.


## PRAYER FOR RELIEF

Wherefore Plaintiffs pray that Defendants be cited to appear in this case and upon final
judgement, that Plaintiffs receive the following relief:

1.      That Defendants, their officers, agents, servants, employees, attorneys and all persons
acting for, with, by, through or under them be enjoined and restrained, at first preliminary during
the pendency of this action and, thereafter, permanently:

        a)      from using in any manner Plaintiffs' CAMO sole mark or any other mark which
so resembles that trademark as to be likely to cause confusion, deception, or mistake on or in
connection with advertising, offering for sale, or sale of any product not emanating from
Plaintiffs, or not authorized by Plaintiffs to be sold in connection with the CAMO sole mark;

        b)      from passing off, inducing, or enabling others to sell or pass off any product as
and for products produced by Plaintiffs, not Plaintiffs' products, or not produced under the
control and supervision of Plaintiffs and approved by Plaintiffs for sale as to their CAMO sole
mark;

    c)      from committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

    d)      from further infringing any of Plaintiffs' marks, including the CAMO sole mark and damaging the Plaintiffs' goodwill in the industry;

    e)      from otherwise competing unfairly with Plaintiffs in any manner; and

    f)      from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' CAMO sole mark, or any sole confusingly similar thereto;

2)      That Defendants be required upon service of this Complaint to deliver immediately up to Plaintiffs any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing Plaintiffs' CAMO sole Mark, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not emanating from Plaintiffs, or not made under the authorization and control of Plaintiffs.

3)      That Defendants be required immediately upon service of this Complaint to supply Plaintiffs with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing Plaintiffs' CAMO sole mark, or products not authorized by Plaintiffs to be sold in connection with said Mark.

4)      That Defendants be required to deliver up for destruction their entire inventory of pirated CAMO sole mark.

5)      That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 4, *supra*.

6)      That Defendants account for and pay over to Plaintiffs profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiffs' registered trademark be increased by a sum not exceeding three time the amount thereof as provided by law.

7)      That Plaintiffs be awarded actual damages of an amount to be proven at trial and punitive damages in an amount to be proven at trial.

8)      That Plaintiffs be awarded interest, including pre-judgement interest, on all sums.

9)      That Plaintiffs be awarded reasonable attorneys' fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under the Lanham Act and the New York common law.

10)    That Plaintiffs have such other and further relief as the Court deems just and proper.

Dated: New York, New York
         March 25, 2015

By:_____

Maxim H. Waldbaum, Esq. (MW4615)
Robert D. Katz, Esq. (RK5155)
*Attorneys for Plaintiffs*
Eaton & Van Winkle LLP
3 Park Avenue, 16th Floor
New York, New York 10016
mwaldbaum@evw.com
rkatz@evw.com
Tel.: (212) 779-9910
Fax: (212) 779-9928

## JURY DEMANDED

Plaintiffs demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure for all issues so triable.


Dated: New York, New York          By: _____
       March 25, 2015                   Maxim H. Waldbaum, Esq. (MW4615)
                                         Robert D. Katz, Esq. (RK5155)
                                         *Attorneys for Plaintiff*
                                         Eaton & Van Winkle LLP
                                         3 Park Avenue, 16th Floor
                                         New York, New York 10016
                                         mwaldbaum@evw.com
                                         rkatz@evw.com
                                         Tel.: (212) 779-9910
                                         Fax: (212) 779-9928