**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LORI SILVERMAN and LSIL, Co., | ) | |
| | ) | |
| Plaintiffs and Counter-defendants, | ) | |
| | ) | |
| v. | ) | Case No.: 1:15-CV-02260-PAC |
| | ) | |
| ATTILIO GIUSTI LEOMBRUNI S.P.A., | ) | |
| *et al* | ) | |
| Defendants and Counterclaimants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**ATTILIO GIUSTI LEOMBRUNI S.P.A.'S MOTION TO DISMISS**

**[TABLE OF CONTENTS]**

I.     INTRODUCTION ................................................................................................1

II.    FACTUAL STATEMENT ...................................................................................3

III.   PLAINTIFFS' PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED
       WITH PREJUDICE BECAUSE IT IS NOT PLAUSIBLE ON ITS FACE AND
       CANNOT BE SAVED BY FURTHER AMENDMENT...................................7

       A.     Legal Standard ........................................................................................7
       B.     There Is No Patent Infringement Claim Because The D'005 Patent And
              The Accused Products Are Plainly Dissimilar.......................................10

IV.    CONCLUSION...................................................................................................13

**[TABLE OF AUTHORITIES]**

**Federal Cases**

*Anderson v. Kimberly-Clark Corp.*,
   2013 U.S.Dist.Lexis 188222, *5, Case No. C12-1979RAJ (W.D.Wa. Sept. 25, 2013), *aff'd*, 570 Fed.Appx. 927 (Fed. Cir. 2014), and *cert. denied*, 136 S.Ct. 142 (2015) ...............................................................................................................7, 10, 11

*Best Lock Corp. v. Ilco Unican Corp.*,
   94 F.3d 1563 (Fed. Cir. 1996).........................................................................................8

*Braun, Inc. v. Dynamics Corp. of Am.*,
   975 F.2d 815 (Fed. Cir. 1992).........................................................................................9

*Colida v. Nokia, Inc.*,
   347 Fed.Appx. 568 (Fed. Cir. 2009)........................................................................7, 10, 12

*Competitive Edge, Inc. v. Staples, Inc.*,
   763 F.Supp.2d 997 (ILND 2010).............................................................................10, 11

*Crocs, Inc. v. Int'l Trade Comm'n*,
   598 F.3d 1294 (Fed. Cir. 2010).......................................................................................9

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008).....................................................................................1, 9

*Elmer v. ICC Fabricating, Inc.*,
   67 F.3d 1571 (Fed. Cir. 1995).........................................................................................9

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
   796 F.3d 1312 (Fed. Cir. 2015)................................................................................10, 11

*Hayden v. Paterson*,
   594 F.3d 150 (2nd Cir. 2010)..........................................................................................7

*HR US LLC v. Mizco Int'l, Inc.*,
   2009 WL 890550 (E.D.N.Y. March 31 2009) ...............................................................10

*Keurig, Inc. v. JBR, Inc.*,
   2013 Dist. LEXIS 73845 (D. Mass. May 24, 2013) ......................................................11

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
   988 F.2d 1117 (Fed. Cir. 1993).......................................................................................7

*In re Mann*,
   861 F.2d 1581 (Fed. Cir. 1988).......................................................................................8

*Metrokane, Inc. v. Wine Enthusiast*,
   185 F.Supp.2d 321 (S.D.N.Y. 2002)...............................................................................7

*OddzOn Prods., Inc. v. Just Toys, Inc.*,
   122 F.3d 1396 (Fed. Cir. 1997)..................................................................................8, 12

*Unique Indus. v. 965207 Alta. Ltd.*,
    722 F.Supp.2d 1 (D.D.C. 2009) ...........................................................................7, 8, 11, 12

**Federal Statutes**

35 U.S.C. § 171 ....................................................................................................................7

**Other Authorities**

37 C.F.R. § 1.152 ...........................................................................................................8, 12

Fed. R. Civ. P. 12(b)(6) .......................................................................................................7

MPEP § 1502 ................................................................................................................8, 11

MPEP § 1503.01 ...........................................................................................................8, 11

MPEP § 1503.02 ...........................................................................................................8, 12

MPEP § 1503.02, ¶ 15.50 ....................................................................................................8

## I.   <u>INTRODUCTION</u>

There can be no design patent infringement if the ***overall appearance*** of the accused product and the asserted design patent are dissimilar.  The concept of design patent infringement goes to the appearance of a design as a whole.  Thus, Plaintiffs' new design patent infringement claim of U.S. Patent No. D740,005 ("D'005 Patent") is not plausible and must fail as a matter of law because the overall appearance of the Accused Products[1] are plainly dissimilar from the design claimed in the D'005 Patent.

The Federal Circuit[2] test for design patent infringement is a simple side-by-side view comparison of the drawings contained in the D'005 Patent and photographs depicting the Accused Products.  This comparison reveals the following differences showing that there is nothing similar between the D'005 Patent and the Accused Products.

<u>D'005 Patent</u>                          <u>Accused Products</u>

| D'005 Patent | Accused Products |
|---|---|
| Design for shoe sole is camouflage that has curvy lines with irregular, wavy, and swooping shapes | Pattern depicted on shoe sole is multicolored polygons |
| Camouflage contains two larger areas of lighter shading on right side of shoe sole | Polygons are different colors with no larger areas of lighter shading on right side of shoe sole |
| Camouflage contains one larger area of lighter shading on upper left  of shoe sole | Polygons are different colors with no larger areas of lighter shading on upper left of shoe sole |
| Camouflage only depicted on bottom midsection of sole | Polygons covers entire bottom surface of sole |
| Camouflage ends adjacent to shoe heel and is not depicted on heel of shoe sole | Polygons cover portion of shoe heel |
| Camouflage ends adjacent to toe portion of shoe sole and is not depicted on toe of shoe | Polygons cover toe portion of shoe sole |

---

[1] Plaintiffs identified two accused products in the Amended Complaint (Dkt. 27, ¶¶ 13-14; Dkt. 27-9), namely "Double Sole Oxford" and "Lace Up Oxford Flats" (collectively "Accused Products").  *See,* Exhibit B of Declaration of Jeffrey Yee in Support of Motion to Dismiss Plaintiffs' Design Patent Claim ("Yee Decl.") concurrently filed herewith.

[2] *See, e.g., Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008).  United States Court of Appeals for the Federal Circuit is referred to herein as the "Federal Circuit."

1

| | |
|---|---|
| sole | |
| Camouflage depicted on midsection bottom of sole is not visible on the perimeter of the sole from the front or side views of shoe | Polygons depicted on bottom of sole are visible on the perimeter of the sole from the front or side views of shoe |
| Camouflage is only depicted on portion of sole that tilts substantially upward | Polygons cover an entire shoe sole that is flat |
| Camouflage depicted on midsection of sole is visible from back of shoe because of the significant slope of sole and narrow heel | Polygons depicted on midsection of sole is not visible from back of shoe because sole is flat and wide heel would block the view even if midsection was titled upward |

In sum, Plaintiffs' D'005 Patent claims a curvy, camouflage design depicted only on the bottom of the midsection of a substantially sloped woman's dress shoe with a smooth sole surface and a narrow heel ("Claimed Design").  These characteristics of the Claimed Design are unequivocally defined by the solid lines shown at FIGS. 4 and 5 of the D'005 Patent.  Indeed, Plaintiffs' counsel concedes that the solid lines illustrating the shape of the shoe sole and "everything within the solid lines" (*i.e.,* where the camouflage design is displayed) make up the Claimed Design.  Transcript of Hearing December 9, 2015, p. 12, ll. 18-25.  By contrast, the Accused Products' soles depict polygons having substantially straight sides, rather than curved shapes, with abrupt corners of different colors that cover the bottom and perimeter of the soles of flat-soled casual shoes with a wide heel.  Therefore, the overall appearance of the Accused Products is plainly dissimilar from the Claimed Design depicted in the D'005 Patent.

No amendment of the Amended Complaint can overcome the plain and fatal differences between the Accused Products and the D'005 Patent.  Therefore, Defendant Attilio Giusti Leombruni S.P.A. ("AGL") respectfully requests the Court dismiss Plaintiffs' infringement claim of the D'005 Patent with prejudice.

## II.    FACTUAL STATEMENT

On November 17, 2015,[3] Plaintiffs filed the Amended Complaint adding a patent infringement claim of the D'005 Patent (Dkt. 27).  In the Amended Complaint, Plaintiffs identified two Accused Products: "Double Sole Oxford" and "Lace Up Oxford Flats" (collectively "Accused Products").  *See*, Dkt. 27, ¶¶ 13-14; Dkt. 27-9; Yee Decl., Exh. B; *see also*, Dkt. 29, Exh. A.

The D'005 Patent's scope is defined by its 7 drawings depicting the Claimed Design with curvy lines and irregular shapes placed on only the bottom mid-section of a stiletto shoe sole that tilts substantially upwardly and ends adjacent to a high, narrow heel attached to the shoe sole so that the Claimed Design can be viewed from the back of the shoe.  Yee Decl., Exh. A.  The Accused Products, however, depict polygons with straight lines on the entire perimeter and bottom of flat-soled casual shoes with a wide heel.  Yee Decl., Exhs. B, C, E, and F.

---

[3] Plaintiffs first filed the Amended Complaint on November 12, 2015 (Dkt. 26), then re-filed on November 17, 2015 (Dkt. 27).

Below is a side-by-side view comparison of the overall appearances of the Accused Products and the D'005 Patent:

D'005 Patent              Accused Products





*Compare*, Yee Decl. Exh. A and Exhs. B, C, D, E, F.

The D'005 Patent's Claimed Design consists of a curvy, camouflage graphic pattern[4] that covers only the bottom middle section of a high, narrow heeled dress shoe sole, excluding the shoe heel and toe.  *See, e.g.,* Yee Decl., Exh. A, FIG. 1.  The camouflage graphic pattern is not viewable on the outside perimeter of the shoe sole.  The Claimed Design consists of curvy areas of various sizes and shapes with two larger areas of lighter shade on the right-hand side and one larger area of lighter shade near the upper left corner.  *See, e.g.,* Yee Decl., Exh. A, FIG. 1.  In contrast, the graphic design applied to the shoe soles of the Accused Products consists of polygons that have substantially straight edges and abrupt corners, rather than curved sides, of different colors and covering the entire perimeter and bottom surface of the shoe sole and a

---

[4] Yee Decl., Exh. A ("FIG. 1 is a bottom perspective view of the shoe with decorative sole having a camouflage pattern").

portion of the shoe heel.  *See,* Yee Decl., Exh. D.  A side-by-side view comparison of the two

differnet designs from the bottom of the shoes show they are plainly dismisslar. (*see also*, Yee

Decl., Exhs. A and D):



*Compare,* Yee Decl., Exh. A (FIGs. 1 and 2) and Exh. D.

In addition to the obvious differences in overall shape, placement and display of the

Claimed Design on the bottom of the soles, the side and rear views of the Accused Products and

the D'005 Patent also demonstrate that they are plainly dissimilar.  For example, the polygons

applied to the Accused Products' shoe soles are visible on the perimeter of the soles from the

side and front views, yet the Claimed Design, as depicted in the D'005 Patent, is not displayed

on the perimeter of the sole.  Morover, the polygons depicted on the bottom of the Accused

Products' soles are not visible from the back, but the Claimed Design is visible from the back via

the upward sloping bottom of the center portion of the sole, which is not obstructed by the

narrow, high heeled design of the stiletto shoe depicted in the patent drawings.  Indeed,

Plaintiffs' counsel concedes that the ability to view the camouflage design from the back is the

intended design purpose.  Transcript of Hearing December 9, 2015, p. 11, ll. 17-23 ("Normally,

when a woman stands, you'll see this area.  On a flat you won't, but on a heeled shoe you will.").

*See,* Yee Decl., Exh. A, FIGs. 4-5; Exhs. E and F.  (Patent at Fig 7).  This view can only be

achieved with a high, narrow heeled worman's dress shoe because of the upward slope and

narrow heel.  Yet the shoe soles of the Accused Products are completely blocked from viewing

due to their flat sole and wide heel.  *See,* Yee Decl., Exh. A, FIG. 7; Exhs. E and F.  A side-by-

side view comparison of the side and rear views is shown below:



*Compare,* Yee Decl., Exh. A (FIGs. 4 and 5) and Exhs. E and F.



*Compare,* Yee Decl., Exh. A (FIGs. 6 and 7) and Exhs. E and F.

III.   **PLAINTIFFS' PATENT INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS NOT PLAUSIBLE ON ITS FACE AND CANNOT BE SAVED BY FURTHER AMENDMENT**

   A.   **Legal Standard**

   In ruling on a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor.  *Hayden v. Paterson*, 594 F.3d 150, 160 (2nd Cir. 2010).  A court, however, need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  *Anderson v. Kimberly-Clark Corp.*, 570 Fed.Appx. 927, 931 (Fed. Cir. 2014).  A court may rely on documents outside the pleadings if they are integral to the plaintiffs' claims and their authenticity is not in question.  *Id.* at 932*; see also, Metrokane, Inc. v. Wine Enthusiast*, 185 F.Supp.2d 321, 324 (S.D.N.Y. 2002) (courts may consider documents referenced in the complaint and documents that plaintiffs knew of and relied upon in the case).  In design patent cases, photographs of the accused products can be considered because they are central to Plaintiffs' allegations.  *Anderson v. Kimberly-Clark Corp.*, 2013 U.S.Dist.Lexis 188222, *5, Case No. C12-1979RAJ (W.D.Wa. Sept. 25, 2013), *aff'd*, 570 Fed.Appx. 927 (Fed. Cir. 2014), and *cert. denied*, 136 S.Ct. 142 (2015).  Plaintiffs' design patent infringement claim must be dismissed unless Plaintiffs' factual allegations "'raise a right to relief above the speculative level' and 'cross the line from conceivable to plausible.'"  *Colida v. Nokia, Inc.*, 347 Fed.Appx. 568, 570 (Fed. Cir. 2009) (citing *Twombly*, 550 U.S. at 555) (affirming dismissal of design patent infringement claim on a Rule 12(b)(6) motion to dismiss).

   "A design patent is directed to the appearance of an article of manufacture." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993); 35 U.S.C. § 171.  The title of the claimed design identifies the article in which the design is embodied by the name generally known and used by the public but it does not define the scope of the claim.  *Unique Indus. v. 965207 Alta. Ltd.*, 722 F.Supp.2d 1, 11 (D.D.C. 2009) (citing Manual of Patent

Examining Procedure ("MPEP") § 1503.01).  Indeed, design patents have almost no scope and are limited to what is shown in the drawings.  *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988); *see also, Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996) (design patents are construed as limited to the article of manufacture as shown and described in the patent).  A claimed design "is inseparable from the article to which it is applied and cannot exist alone merely as a scheme of surface ornamentation…" MPEP § 1502.

The ornamental design that is being claimed must be shown in solid lines in the drawing. MPEP § 1503.02, ¶ 15.50.  Structure that is not part of the claimed design, but is considered necessary to show the environment in which the design is associated, may be represented in the drawing by broken lines.  MPEP § 1503.02.  Thus, Patentees include complimentary elements illustrated in broken lines to explain the environment in which the patent exists, *i.e.*, to place the claimed design in the proper spatial context.  *Unique Indus.*, 722 F.Supp.2d at 10; *see also*, 37 C.F.R. § 1.152, MPEP §1503.02 (broken lines may be used to show visible environmental structure).  Here, the solid lines unequivocally show a high heeled shoe with a narrow heel and no other style.

In analyzing design patent infringement, "[i]t is the appearance of a design **as a whole** which is controlling in determining infringement.  There can be no infringement based on the similarity of specific features if the overall appearance[s] of the designs are dissimilar." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (emphasis added). "Determining whether a design patent claim has been infringed requires, first, … that the claim be properly construed to determine its meaning and scope. … Second, the claim as properly construed must be compared to the accused design to determine whether there has been infringement.  In this second step, the patented and accused designs are compared for overall

visual similarity…" *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (internal citation omitted).

In the context of design patents, the Federal Circuit noted that although trial courts have a duty to conduct claim construction in design patent cases as in utility patent cases, they need not "attempt to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents." *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 679 (Fed. Cir. 2008). Indeed, "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design. *Id*.; *see also, Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010) ("this court warned that misplaced reliance on a detailed verbal description of the claimed design risks undue emphasis on particular features of the design rather than examination of the design as a whole … Depictions of the claimed design in words can easily distract from the proper infringement analysis of the ornamental patterns and drawings.").

Design patent infringement is determined under the ordinary observer test – "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc.*, 598 F.3d at 1303 (citing *Egyptian Goddess*, 543 F.3d at 678). The ordinary observer test applies to the patented design in its entirety. *Id*. (citing *Braun, Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir. 1992)). "The proper comparison requires a side-by-side view comparison of the drawings of the [asserted design patent] and the accused products." *Id*. at 1304. In some cases, as here, the claimed design and the accused product are sufficiently distinct or plainly dissimilar that it will be clear without more that the patentee cannot meet its burden of proving the two designs would appear substantially similar to the ordinary observer. *Egyptian Goddess*, 543 F.3d at 678; *see*

*also*, *Anderson v. Kimberly-Clark Corp.,* 570 Fed.Appx. 927 (affirming the trial court's dismissal of patent infringement claim because, through side-by-side view comparison, the claimed design and the accused products were plainly dissimilar); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (the claimed design and the accused product are plainly dissimilar because they 'simply did not look alike except for the fact that both are hand-held surgical devices with open trigger handles); *HR US LLC v. Mizco Int'l, Inc.*, 2009 WL 890550, CV-07-2394 (E.D.N.Y. March 31 2009) (through side-by-side view comparison, the claimed design for a palm pilot holder was plainly dissimilar to the accused product); *Competitive Edge, Inc. v. Staples, Inc.*, 763 F.Supp.2d 997 (ILND 2010) (the claimed design and the accused product were plainly dissimilar); *Colida v. Nodia, Inc.*, 347 Fed.Appx. 568, 570 (Fed. Cir. 2009) (plaintiff's patent infringement claim was dismissed because the claimed design and the accused product were plainly dissimilar).

### B.   There Is No Patent Infringement Claim Because The D'005 Patent And The Accused Products Are Plainly Dissimilar

A simple side-by-side view comparison plainly shows that Plaintiffs cannot establish a patent infringement claim because the overall appearances of the Accused Products and the Claimed Design are sufficiently distinct and plainly dissimilar.  As discussed in Section II above, a simple side-by-side view comparison shows numerous conspicuous differences between the Claimed Design and the Accused Products.

Beside both generally relating to shoes, the D'005 Patent and the Accused Products have nothing in common.  Without citing any legal authority, Plaintiffs have erroneously argued that the Claimed Design is applicable to any shoe with a camouflage design depicted on a decorative shoe sole because the Claimed Design is titled "ornamental design for a shoe with decorative sole, as shown and described."  *See*, Dkt. 29 at 2.  Plaintiffs' argument must be rejected because,

as mentioned above, the law provides that the title of the claimed design of a design patent does not define the scope of the claim. *Unique Indus.*, 722 F.Supp.2d at 11; MPEP § 1503.01. Rather, it is the solid lines which define the scope of the claim. Here those solid lines unequivocally depict only the mid-section of a sloped, high, narrow heeled woman's shoe.

Moreover, it is of no consequence that the D'005 Patent and the Accused Products are shoes because many courts have found the same products to be plainly dissimilar. *See, e.g., Competitive Edge, Inc. v. Staples, Inc.*, 763 F.Supp.2d 997 (ILND 2010) (the court found two calculators with bubble shaped keys are "plainly dissimilar."); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312 (Fed. Cir. 2015) (the court found the claimed design and the accused product are plainly dissimilar because they 'simply d[id] not look alike except for the fact that both are hand-held surgical devices with open trigger handles.'); *Anderson v. Kimberly-Clark Corp.,* 570 Fed.Appx. 927 (the court found that the claimed ornamental design for an absorbent disposable undergarment (shaped like a boxer brief) is plainly dissimilar from the accused adult diapers); *Keurig, Inc.v. JBR, Inc.,* 2013 Dist. LEXIS 73845 (D. Mass. May 24, 2013) (the court found that disposable beverage filter cartridges are plainly dissimilar).

Plaintiffs also have incorrectly asserted that the broken lines shown in the D'005 Patent should be ignored because they only illustrate the "unclaimed environment." *See*, Dkt. 29 at 2-3. While it is true that the D'005 Patent does not claim the shoe shown in broken lines as depicted in the D'005 Patent's drawings, Plaintiffs ignore the legal requirement that the broken lines are part of the specification of the D'005 Patent which should be considered in construing the claimed scope of the D'005 Patent. In addition, the Claimed Design cannot be separated from the shoe to which it is applied and cannot exist alone merely as a scheme of surface ornamentation. MPEP § 1502. Indeed, the broken lines in the D'005 Patent serve to explain the

11

spatial context in which the Claim Design exists (in this case, a high, and narrow heeled woman's dress shoe) and place the overall appearance of the Claim Design in proper context. *Unique Indus.,* 722 F.Supp.2d at 10; 37 C.F.R. § 1.152; MPEP §1503.02 (broken lines may be used to show visible environmental structure).  Plaintiffs' misleading argument would transform the Claimed Design into a stand alone scheme of surface ornamentation, in direct contradiction to the well-established patent law.  Indeed, the Court questioned Plaintiffs' counsel at the pre-filing hearing as to whether such an argument would mean that U.S. Army combat boots with camouflage soles would infringe the D'005 Patent.  Transcript of Hearing December 9, 2015, p. 9, ll. 18 – 20.  Plaintiffs' counsel responded to the Court at the hearing stating that a boot is not infringing because the D'005 Patent covers the smooth sole of a shoe as illustrated while a boot has "threaded," i.e. waffled, rubber on the bottom.  Transcript of Hearing December 9, 2015, p. 9, l. 21 – p. 10, l. 3.  Plaintiff's counsel's statement shows that the broken lines depicting a woman's, high, narrow heeled stiletto shoe, with a smooth sole, is relevant to the infringement analysis, rather than focusing exclusively upon surface ornamentation.

The differences noted above in Section II suffice to demonstrate that the overall appearances of the Accused Products and the Claimed Design are plainly dissimilar.  Therefore, Plaintiffs simply cannot claim infringement of the D'005 Patent against the Accused Products. *OddzOn Prods.*, 122 F.3d at 1405 (there can be no infringement if the overall appearances of the designs are dissimilar).  Plaintiffs' patent infringement claim is facially implausible and provides no basis on which to reasonably infer that an ordinary observer would confuse the Claim Design with the Accused Products. *See, e.g., Colida*, 347 Fed.Appx. at 570.  No further amendment of Plaintiffs' Amended Complaint can change the scope of the Claimed Design.  Thus, the Court should dismiss Plaintiffs' infringement claim of the D'005 Patent with prejudice.

**IV.**    <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs have not and cannot plead any fact supporting a

prima facie infringement claim of the D'005 Patent against AGL and, therefore, the Court should

dismiss Plaintiffs' patent infringement claim with prejudice.

Dated: December 23, 2015

                               Respectfully submitted,

                               By:  */s/ Jeffrey K. Joyner*       
                               **GREENBERG TRAURIG, LLP**
                               Ronald D. Lefton (leftonr@gtlaw.com)
                               200 Park Avenue
                               New York, New York 10016
                               Tel: (212) 801-9200

                               Jeffrey K. Joyner (joynerj@gtlaw.com)
                               Jeffrey F. Yee (yeej@gtlaw.com)
                               1840 Century Park East, Suite 1900
                               Los Angeles, California 90067
                               Attorneys for Defendant-Counterclaimant
                                Attilio Giusti Leombruni S.P.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23th day of December, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.


_/s/ Jeffrey K. Joyner_
Jeffrey K. Joyner