| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: Feb 19, 2016 |

------------------------------------------------------------X
:
LORI SILVERMAN and LSIL & CO., INC.,
:
                      *Plaintiffs*,                :      15 Civ. 2260 (PAC)
:
        *-against-*
:
                                          :      **OPINION & ORDER**
ATTILIO GIUSTI LEOMBRUNI S.P.A., *et al.*  :
:
                     *Defendants*.           :
:
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiffs Lori Silverman and her company Lsil & Co., Inc. design and sell shoes. Count VII of their Amended Complaint alleges that Defendant Attilio Giusti Leombruni S.P.A. ("AGL") and various unknown individuals and companies are infringing Silverman's U.S. Design Patent No. D740,005 ("the '005 Patent").[1] Specifically, two AGL shoes are said to infringe because, like the patented design, they have a camouflage design on the shoes' soles. *See* Dkt. 27, Ex. 7 at 3-4.

      AGL moves to dismiss the patent infringement claim, pursuant to Fed. R. Civ. P. 12(b)(6). The Court holds that the patented and accused designs are "plainly dissimilar"; the motion to dismiss is GRANTED.

**I.    Applicable Law**

      To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must

---

[1] Plaintiffs also allege trademark infringement; false designation of origin and unfair competition; unfair competition; interference with prospective business advantage and business relations; and unjust enrichment. Those allegations are not subject to the motion to dismiss.

1

have sufficient "factual plausibility" to allow the court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

To determine whether an accused product infringes a patented design, the court applies the "ordinary observer" test. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 681 (Fed. Cir. 2008)). A plaintiff must demonstrate that an ordinary observer "would be deceived into believing that the accused product is the same as the patented design." *Id.* "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess*, 543 F.3d at 670 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).

"It is the appearance of a design as a whole which is controlling in determining infringement. There can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prod., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). The analysis often entails a side-by-side visual comparison, as "misplaced reliance on a detailed verbal description of the claimed design risks undue emphasis on particular features of the design rather than examination of the design as a whole." *Crocs*, 598 F.3d at 1302; *see also Minka Lighting, Inc. v. Craftmade Int'l, Inc.*, 93 Fed. App'x 214, 216 (Fed. Cir. 2004). "Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

**II.     Analysis**

The '005 Patent claims "[t]he ornamental design for a shoe with decorative sole, as shown and described," and includes seven drawings. Decl. of Jeffrey Yee, Dkt. 35 Ex. A., at (57). The "decorative sole" has a "camouflage pattern." *Id.* AGL's "Double Sole Oxford" and "Lace Up Oxford Flats" shoes are said to infringe the '005 Patent. Below is a comparison of the two designs:

The patented design (*Id.* at 2, 4):



The accused design (*Id.* Ex. C, D):



In resisting the motion to dismiss, Plaintiffs assert that the ordinary consumer would be confused or deceived into thinking that the accused product is the patented design since both have a camouflage design on the sole of a woman's shoe. Pl. Opp. Mem., Dkt. 37 at 12.

Not so. Before explaining why the two designs are "plainly dissimilar," we consider several initial arguments raised by Plaintiff. First, Plaintiffs suggest that, after the Federal Circuit's 2008 decision in *Egyptian Goddess*, it is error to employ a side-by-side visual

3

comparison in a design patent case. *Id.* at 1, 3. But *Egyptian Goddess* in no way upset the use of side-by-side visual comparisons, and several cases since have used them and encouraged their use. *See Crocs*, 598 F.3d at 1306-07; *Ethicon*, 796 F.3d at 1335.

Second, Plaintiffs argue that Defendant must provide evidence of "how the ordinary observer would react to these two designs," and not just how "lawyers" perceive them. Pl. Opp. Mem. at 2, 12. To the extent Plaintiffs are suggesting that the "ordinary observer" test is subjective rather than objective, they are wrong. "A district judge is an ordinary observer, and courts may therefore conduct the ordinary-observer test without referring to some hypothetical ordinary observer." *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F. Supp. 2d 871, 877 (D. Minn. 2007) (citing *Minka*, 93 Fed. App'x at 216 ("[A] district court properly construes design claims through its own eyes and need not refer to an ordinary observer or a skilled artisan.")). For that reason, the four declarations of "persons involved in consumer buying, selling, and marketing luxury women's shoes" that Plaintiffs submit with their opposition briefing are not dispositive. *See* Dkt. 39-42. In any event, it is improper for the Court to consider extrinsic documents submitted in opposition to a motion to dismiss. *Leason Ellis LLP v. Patent & Trademark Agency LLC*, 13 cv 2880 (VB), 2014 WL 3887194, at *3 (S.D.N.Y. July 2, 2014).

Third, Plaintiffs contend that the Court may consider only the camouflage pattern itself and not how it is placed on the shoe since, in the '005 Patent, the camouflage design appears within a solid line whereas the surrounding shoe is depicted with a dotted line. *See* Pl. Opp. Mem. at 3, 8. This argument must also be rejected. While only the portion surrounded by a solid line is the claimed design, the portion in dotted lines is the claimed design's environment. Per the '005 Patent's claim language, the claimed design must be interpreted "as shown and described." Decl. of Jeffrey Yee, Ex. A., at (57). As such, based on the drawings attached to the

4

'005 Patent, the Court construes the claimed design to extend only to a woman's high-heeled dress shoe in which the camouflage pattern covers only the middle portion of the sole of the shoe. *See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995) (applying the "as shown and described" language in a design patent and interpreting the claim narrowly to extend only to the ornaments as depicted in the application drawings).

With those considerations in mind, the Court concludes that the patented and accused designs are "plainly dissimilar" such that an ordinary consumer would not be induced into "purchas[ing] one supposing it to be the other." *Gorham*, 81 U.S. at 528. First, the two designs are on different types of shoes. The patented design appears on a woman's high-heeled dress shoe, making the camouflage design while worn generally visible from the rear (*see* Decl. of Jeffrey Yee, Ex. A., Fig. 7); the accused design appears on a woman's oxford shoe, making the camouflage design while worn generally visible only from a side view (*see id.*, Ex. E, F). Second, the camouflage designs are used differently. The patented design covers only the middle of the sole; the accused design covers the entire sole.[2] Third, the two camouflage designs are notably distinct. It cannot be, as Plaintiffs contend, that the designs are the same simply because they are both camouflage. *See* David A. Fahrenthold, *With 10 patterns, U.S. military branches out on camouflage front*, Washington Post (Mar. 8, 2013), http://wpo.st/LqjA1 (describing the ten distinct camouflage designs used by the United States military). Here, the patented camouflage design uses curvy areas of various shapes and sizes, whereas the accused

---

[2] The distinction between patterns covering only the middle, visible portion of the sole of a woman's high-heeled dress shoe versus the entire sole has significance in the woman's luxury shoe industry. The Second Circuit recently held that use of the color red on only the middle, visible portion on the soles of Louboutin high-heeled shoes is a "distinctive symbol that qualifies for trademark protection." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 227 (2d Cir. 2012). The Court explicitly distinguished the use of red on Louboutin shoes from other shoes that used red on the entire sole, explaining that "it is the *contrast* between the sole and the upper that causes the sole to 'pop,' and to distinguish its creator." *Id.*

camouflage design uses smaller polygons with generally straight edges and hard corners. Considering these differences as a whole and viewing the contrasting overall appearances of the designs, the Court concludes that the patented and accused designs are plainly dissimilar and do not bear such a resemblance as to induce an observer to "purchase one supposing it to be the other." *Gorham*, 81 U.S. at 528.

### III. Conclusion

The Court GRANTS AGL's motion to dismiss Court VII of the Amended Complaint, the patent infringement claim. The Clerk is directed to terminate the motion at Docket 34.

Dated: New York, New York
      February 19, 2016

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge